NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAOHUI CHEN, | No. 15-73364 |
| Petitioner, | Agency No. A074-595-840 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2018
Pasadena, California

Before: D.W. NELSON and WARDLAW, Circuit Judges, and PRATT,** District Judge.

Shaohui Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's

(IJ) denial of his claims for relief from removal. We have jurisdiction pursuant to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

8 U.S.C. § 1252.  We grant the petition for review.

The BIA found that the IJ's adverse credibility determination that formed the basis for the IJ's denial of Chen's application for asylum and withholding of removal was not clearly erroneous.[1]  We disagree.  First, the IJ and BIA committed legal error by evaluating Chen's testimony without regard to the nature of the claim he asserted and without mentioning, much less applying, our precedent governing asylum claims premised on opposition to coercive family planning practices.  *See, e.g.*, *Ming Dai v. Sessions*, 884 F.3d 858 (9th Cir. 2018); *Nai Yuan Jiang v. Holder*, 611 F.3d 1086 (9th Cir. 2010).  Second, the IJ's adverse credibility decision was contradicted by the record and not supported by substantial evidence.  *See Shire v. Ashcroft*, 388 F.3d 1288, 1294 (9th Cir. 2004) ("Where, as here, the BIA adopts the IJ's credibility determination, we look through the BIA's decision to examine the IJ's reasons for deeming the person not credible.").

The IJ found that Chen's "testimony regarding the gynecological problems his wife had, which he claimed caused him to be targeted for sterilization in her stead, was vague, vacillating, speculative, and uncorroborated."  However, Chen actually testified that neither he nor his wife wanted her to be sterilized once the doctor prohibited his wife's sterilization based on medical concerns.  In addition,

---

[1] Chen did not appeal the denial of his claim for relief under the Convention Against Torture to the BIA. Consequently, he has waived that ground for relief before us.  *See* 8 U.S.C. § 1252(d)(1).

the IJ failed to consider the entire record, assessing only part of Chen's explanation for how he knew that sterilization would be harmful to his wife. And the IJ also erred by placing great weight on "trivial inconsistencies" in Chen's testimony. *See Bingxu Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014) (explaining that "trivial inconsistencies" that "have no bearing on the petitioner's veracity" cannot form the basis for an adverse credibility determination (internal quotations and citations omitted)).

The IJ's finding that Chen testified inconsistently about his actions after the birth of his son was unsupported by the record. Chen provided a clear timeline in his testimony. He testified that his second child was born in November 2006, then the family planning officials visited his house, then he paid the fine required by those officials in December 2006, then he registered his son in February 2007, and then they went into hiding that same month. The BIA also engaged in "impermissible speculation" when it determined that Chen's wife would not have gone to the hospital if they had really been in hiding. *Ge v. Ashcroft*, 367 F.3d 1121, 1126 (9th Cir. 2004).

Finally, the IJ's determination that Chen's explanation of his arrival into the United States at the Houston airport was "vague and 'highly questionable' testimony" was speculative and disregarded the totality of the evidence. The record included evidence that it was highly improbable that the smugglers who

3

detained Chen for seven months immediately leading up to his arrival in Houston, a fact the IJ did not question, would have explained to Chen their means for smuggling him into the United States. *See Shire*, 388 F.3d at 1295–96. Moreover, the government's own allegation that Chen entered without inspection supports Chen's testimony that he did not encounter immigration officials until hours after leaving the airport.

Because the BIA's adverse credibility determination was not supported by substantial evidence, we grant the petition and remand to the BIA to evaluate Chen's claims for asylum and withholding of removal, taking his testimony as true, in compliance with 8 U.S.C. § 1101(a)(42) and applying legal precedent as to China's coercive population control policies.

**PETITION GRANTED; REMANDED.**